THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BEN D. WADE, ) | |
| ) | Case No. 2:10CV998 DS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MERIDIAS CAPITAL, INC.; MORTGAGE ) | **MEMORANDUM** |
| ELECTRONIC REGISTRATION | **DECISION** |
| SYSTEMS, INC.; BAC HOME LOANS ) | |
| SERVICING, LP; INWEST TITLE | |
| SERVICES, INC.; RECONSTRUCT ) | |
| COMPANY, N.A., AND DOES 1-5 | |
| Defendants. ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## I. BACKGROUND

Plaintiff Wade is in default on his note. He brought this lawsuit in an effort to stop the foreclosure of his home. Defendants BAC Home Loans Servicing, LP ("BAC"), ReconTrust Company, N.S. ("ReconTrust"), and Mortgage Electronic Registration Systems, Inc. ("MERS") filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. They argue that Wade's four alleged causes of action are all dependant on the "split the note" and "MERS lacks authority" theories, which have previously been rejected by this Court, and are therefore not viable as a matter of law and should all be dismissed with prejudice. Defendant Meridias Capital filed a separate Motion for Summary Judgment, arguing that Plaintiff's one cause of action against Meridias, a cause of action for declaratory judgment that is also based on

the frequently rejected "MERS lacks authority"theory, fails as a matter of law. The Court agrees with all of the defendants, and hereby grants both the Motion to Dismiss and the Motion for Summary Judgment.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[1] The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." As the Court held in *Twombly,* where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"[2]

According to the Court in *Ashcroft*, two important principles underlie this reasoning. First, although a court must accept as true all well-plead factual allegations in a complaint, this does not apply to "legal conclusion couched as a factual allegation."[3] Mr. Wade's complaint is rife with erroneous legal conclusions couched as factual allegations. Second, a complaint survives a motion to dismiss only if it states a plausible claim for relief. "[W]here the well-

---

[1] *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (U.S. 2009).

[2] *Twombly* 550 U.S. 544, at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929.

[3] *Ashcroft,* at 1950

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'"[4]

### III. ANALYSIS

**A. Plaintiff's Request for Judicial Notice is Improper**

Mr. Wade requests that this Court take judicial notice of nine news stories from various sources that are generally about foreclosures. He seeks to establish through judicial notice of these articles that the provisions related to MERS in the Deed of Trust at issue in this case are void as against public policy, and that "securitization through MERS is the primary reason for the nation's economic crisis."[5] Plaintiff's request for judicial notice is improper because he seeks to establish facts that are not the proper subject of judicial notice. Judicial notice is proper only if a fact is commonly known to the community and is, therefore, indisputable, or if it is readily determined by reference to incontestable sources.[6] Mr. Wade's request for judicial notice does not meet these standards. There is no basis for concluding that the articles contain facts that are "readily determinable" or "uncontested." In fact, the content in the articles and the assertions Plaintiff seeks to prove with those articles are disputed. The court has no way to verify the accuracy of the articles, and the content of the articles is not commonly known in the community.

---

[4] *Id.,* at 1950 (citing Fed. Rule Civ Proc. 8(a)(2)).

[5] *See Plaintiff's Motion,* p. 15.

[6] Fed. R. Evid. 201(b); *see also American Bankers Assoc.,* 347 F.Supp.2d 1061, 1066 (D. Utah 2004).

**B. Defendants Need Not Establish Standing–Wade Sued Them**

Mr. Wade's argument that the Court should deny Defendant's Motion to Dismiss because Defendants lack standing to assert their motion is puzzling. Defendants are not the plaintiffs in this lawsuit, and they are not seeking affirmative relief. Defendants in a lawsuit do not have to establish standing in order to defend themselves against a judgment. Wade's arguments to the contrary are absurd and fail as a matter of law.

**C. The Trust Deed is Not an "Adhesion Contract."**

Mr. Wade argues that the Trust Deed provision transferring interest to MERS is an adhesion contract and is unconscionable, and is therefore void for public policy reasons. Mr. Wade provides no evidence in support of this claim. There is no indication that he was forced to buy a home and to sign the Note and Deed of Trust with Meridias. No allegation is made that Plaintiff couldn't have gotten a non-MERS trust deed had he simply asked. Nor is there any allegation that the MERS designation is so grossly one-sided that it "shock[s] the conscience" or leaves the Court with a profound sense of injustice."[7] Instead the contract term is rather mundane and innocuous. "[S]imply because 'the terms of a contract are embodied in written form developed by one of the parties does not automatically render it either a contract of adhesion or unenforceable," and "[o]ne party to a contract does not have a duty to ensure that the other has a complete and accurate understanding of all terms embodied in a written contract."[8]

---

[7] *Woodhaven Apts v. Washington,* 942 P.2d 918, 925 (Utah 1997).

[8] *Russ v. Woodside Homes, Inc.,* 905 P.2d 901, 906 n. 1 (Utah Ct. App. 1995).

**D. MERS Has At All Relevant Times Been Entitled to Act as Beneficiary Under the Trust Deed.**

Mr. Wade's "split the note" theory has been heavily litigated in this district and in multiple other districts and has been rejected repeatedly. Utah Code Annotated §57-1-35 states, "The transfer of any debt secured by a trust deed shall operate as a transfer of the security therefor." The statute does not provide for exceptions, nor has Mr. Wade cited to any case law or statute that says that such an exception exists. By law, each successor to the Note also receives the benefit of the security. Under the plain terms of the Trust Deed, which Mr. Wade signed, MERS was appointed as the beneficiary and nominee for the Lender *and its successors and assigns* and granted power to act in their stead, including making assignments and instituting foreclosure.[9] The case law on the matter in this jurisdiction is clear and unequivocal that MERS is able to act as the beneficiary for the Trust Deed.[10]

**E. A Non-Judicial Foreclosure is Entirely Conducted by the Trustee, and Wade's "Wrong Beneficiary" Argument is Irrelevant**

Mr. Wade's argument that the wrong beneficiary is foreclosing, or that the beneficiary is unknown, even if the underlying facts are assumed to be true, is entirely irrelevant to the question of whether a non-judicial foreclosure sale may be stopped.. The identity of the beneficiary has no affect on whether the borrower has made its required monthly payments, which is default under the plain terms of the note. Mr. Wade does not contend that he has made his payments, and a

---

[9] *See Trust Deed,* p. 3.

[10] *See Rodeback v. Utah Fin.,* 2010 WL 2757243 (Case No. 1:09CV134 TC)(D. Utah July 13, 2010)*; Southam v. Lehman Brothers Bank FSB et al.,* 2010 WL 3258320 (Case No. 2:10cv45); *Burnett v. Mortgage Electronic Registration Systems, inc.,* (Case No. 1:09cv69) (D. UT October 26, 2009). *McGinnis v. GMAC Mortgage Corp.,* 2010 WL 3418204 (Case No. 2:10cv45 TS) (D. Utah August 27, 2010)

default on the Note is admitted. Nor does the identity of the beneficiary have any affect on the notice and sale requirements for a non-judicial foreclosure. The execution of the trust deed transfers all of the trustor's interest in the property "to the *trustee* as security for the obligation or obligations for which the trust property is conveyed. . ." Utah code Annotated §57-1-20 (emphasis added). Regardless of who holds the note or has "standing" to pursue a *judicial* foreclosure, in a non-judicial foreclosure the trustee is acting as that party's fiduciary and the borrower is obligated to deal with the trustee. Possession and proof of the Note are not a requirement for non-judicial foreclosure.

Wade appears to argue briefly that ReconTrust was not properly substituted as trustee. ReconTrust was properly substituted as trustee by a document notarized and recorded and attached to Plaintiff's complaint.

**F. Wade's Quiet Title Claim Fails**

A quiet title claim seeks to extinguish competing interests in the property in favor of the interest of the plaintiff. In this case Wade is seeking to extinguish the Trust Deed, and is therefore required to prove that his interest is superior to the Trust Deed. He does not do so. He admits that he executed the Trust Deed, and that it was notarized and recorded. There is no claim that the Trust Deed has been reconveyed. The identity of the beneficiary does not affect the validity of the Trust Deed as an encumbrance on Plaintiff's title, nor does the status of the servicer or trustee. By law, each successor to the Note also receives the benefit of the security. There is no basis for Wade to claim that the Trust Deed is not a valid encumbrance against his title, and therefore he cannot make out a claim for quiet title.

**G. Wade's Slander of Title Claim Fails**

A slander of title claim requires proof that "(1) there was a publication of a slanderous statement disparaging claimant's title, (2) the statement was false, (3) the statement was made with malice, and (4) the statement caused actual or special damages."[11] Legitimate efforts to enforce a security interest cannot rise to the level of "malice" even if errors are made.[12] In this case, the assignment, substitution and notice of default were authorized by law and the Trust Deed, so there was no false or slanderous statement and this claim fails.

**H. The Only Cause of Action Asserted Against Meridias, the Claim For "Declaratory Judgment," Fails as a Matter of Law**

For the reasons stated above and in keeping with the clear and unequivocal case law from this court, that MERS is able to act as the beneficiary of a trust deed and as a nominee to the lender or its successors and assigns, Meridias Capital, Inc.'s Motion for Summary Judgment is granted. Because Meridias asserts no interest or claims to the property in question, having sold and assigned its interest under the Note and Deed of Trust prior to the initiation of this action, there is nothing for the court to "declare" regarding Meridias' rights to the property.

### IV. CONCLUSION

For the foregoing reaons, IT IS HEREBY ORDERED that BAC, ReconTrust, and MERS's Motion to Dismiss (Doc. #11) is GRANTED. All claims against Defendants BAC

---

[11] *First Sec. Bank, N.A. v. Banberry Crossing,* 780 P.2d 1253, 1256-57 (Utah 1989).

[12] *See id.*

Home Loans Servicing, ReconTrust Company, and Mortgage Electronic Registration Systems, Inc. are dismissed with prejudice. Meridias Capital's Motion for Summary Judgment (Doc. #19) is also GRANTED. As a result, Plaintiff's Motion for Summary Judgment (Doc. #16) is moot.

      SO ORDERED.

      DATED this 17th day of March, 2011.

                                                BY THE COURT

                                                DAVID SAM
                                                SENIOR JUDGE
                                                U.S. DISTRICT COURT